UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA STOCKMAN-SANN, Derivatively on Behalf of QUIKSILVER, INC.<br><br>Plaintiff,<br><br>v.<br><br>ROBERT B. MCKNIGHT, JR., WILLIAM M. BARNUM, JR., JOSEPH F. BERARDINO, JAMES G. ELLIS, CHARLES S. EXON, M. STEVEN LANGMAN, ROBERT L. METTLER, PAUL C. SPEAKER, ANDREW W. SWEET, DOUGLAS K. AMMERMAN<br><br>Defendants,<br><br>and<br><br>QUIKSILVER, INC., a Delaware Corporation<br><br>Nominal Defendant. | Case No.: 8:12-cv-01882-AG-JPR<br><br>**[PROPOSED[ ORDER GRANTING PLAINTIFF PATRICIA STOCKMAN-SANN'S CROSS-MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND DENYING PLAINTIFF ALASKA ELECTRICAL PENSION FUND'S MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL** |

[PROPOSED] ORDER GRANTING PLAINTIFF PATRICIA STOCKMAN-SANN'S CROSS-MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND DENYING ALASKA ELECTRICAL PENSION FUND'S MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 8:12-CV-01882-AG-JPR

- 1 -

| | |
|---|---|
| ALASKA ELECTRICAL PENSION FUND, Derivatively on Behalf of QUIKSILVER, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT B. McKNIGHT, JR., PIERRE AGNES, CRAIG STEVENSON, WILLIAM M. BARNUM, JR., JOSEPH F. BERARDINO, JAMES G. ELLIS, CHARLES S. EXON, M. STEVEN LANGMAN, ROBERT L. METTLER, PAUL C. SPEAKER, ANDREW W. SWEET and DOUGLAS K. AMMERMAN,<br><br>　　　　　　Defendants,<br><br>　　and<br><br>QUIKSILVER, INC., a Delaware corporation,<br><br>　　　　　　Nominal Defendant. | Case No.: 8:12-cv-02071-AG-JPR |

The Court, having considered Plaintiff Patricia Stockman-Sann's Cross-Motion to Consolidate Actions and Appoint Lead Plaintiff and Lead Counsel, the Memorandum of Points and Authorities and Declaration of Robin Winchester in support thereof and in opposition to plaintiff Alaska Electrical Pension Fund's Motion to Consolidate Actions and Appoint Lead Plaintiff and Lead Counsel, any opposition to plaintiff Stockman-Sann's cross-motion, the arguments of counsel, and other pleadings and documents filed in the above-captioned actions, finds that good cause exists for granting plaintiff Stockman-Sann's cross-motion and denying plaintiff Alaska Electrical Pension Fund's motion.

IT IS HEREBY ORDERED, this ____ day of _____, 2013, that:

# CONSOLIDATION

1. The above-captioned actions and any other shareholder derivative action on behalf of Quiksilver, Inc. filed in or transferred to this Court that involves questions of law or fact similar to those contained in the above-captioned actions shall be consolidated for all purposes under the following caption (the "Consolidated Action"):

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| IN RE QUIKSILVER, INC. DERIVATIVE LITIGATION | Lead Case No. 8:12-cv-01882-AG-JPR |
|---|---|
| This Document Relates To:<br><br>    ALL ACTIONS | |

2. When a case that properly belongs as part of the Consolidated Action is hereafter filed in the Court or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order.

## APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

3. Plaintiff Patricia Stockman-Sann is hereby appointed as Lead Plaintiff in the Consolidated Action.

4. The law firm of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") is hereby appointed as Lead Counsel in the Consolidated Action.

[PROPOSED] ORDER GRANTING PLAINTIFF PATRICIA STOCKMAN-SANN'S CROSS-MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND DENYING ALASKA ELECTRICAL PENSION FUND'S MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 8:12-cv-01882-AG-JPR

- 3 -

5. Kessler Topaz shall have sole authority to speak for the Lead Plaintiff in matters regarding pre-trial procedure, trial, and settlement and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive efforts.

6. Kessler Topaz shall be responsible for coordinating all activities and appearances on behalf of the Lead Plaintiff. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Kessler Topaz.

7. Kessler Topaz shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Kessler Topaz shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

8. Defendants' counsel may rely upon all agreements made with Kessler Topaz, or other duly authorized representative of Kessler Topaz, and such agreements shall be binding on all plaintiffs.

9. The Corrected Verified Amended Complaint filed by Plaintiff Stockman-Sann on December 26, 2012 (Dkt. No. 16) is hereby designated as the operative complaint in the Consolidated Action.

**IT IS SO ORDERED.**

Dated: _____

The Honorable Andrew J. Guilford
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF PATRICIA STOCKMAN-SANN'S CROSS-MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL AND DENYING ALASKA ELECTRICAL PENSION FUND'S MOTION TO CONSOLIDATE ACTIONS AND APPOINT LEAD PLAINTIFF AND LEAD COUNSEL
CASE NO. 8:12-CV-01882-AG-JPR

- 4 -