MICHAEL G. YODER (S.B. #83059)
myoder@omm.com
BRIAN NEACH (S.B. #242801)
bneach@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

Attorneys for Defendants
ROBERT B. MCKNIGHT, JR., WILLIAM M. BARNUM, JR., JOSEPH BERARDINO, JAMES G. ELLIS, CHARLES S. EXON, M. STEVEN LANGMAN, ROBERT L. METTLER, PAUL C. SPEAKER, and ANDREW W. SWEET

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA STOCKMAN-SANN, Derivatively on Behalf of QUIKSILVER, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ROBERT B. MCKNIGHT, JR., PIERRE AGNES, CRAIG STEVENSON, WILLIAM M. BARNUM, JR., JOSEPH F. BERARDINO, JAMES G. ELLIS, CHARLES S. EXON, M. STEVEN LANGMAN, ROBERT L. METTLER, PAUL C. SPEAKER, ANDREW W. SWEET, DOUGLAS K. AMMERMAN, <br><br>  Defendants, <br><br> and <br><br> QUIKSILVER, INC., a Delaware Corporation, <br><br>  Nominal Defendant. | Case No. SACV12-1882 AG (JPRx) <br><br> **INDIVIDUAL DEFENDANTS' *EX PARTE* APPLICATION TO SHORTEN TIME FOR BRIEFING AND HEARING ON INDIVIDUAL DEFENDANTS' MOTION TO STAY PROCEEDINGS** <br><br> Judge: Hon. Andrew J. Guilford <br><br> **[Declaration of Brian Neach and Proposed Order filed concurrently]** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Robert B. McKnight, Jr., William M. Barnum, Jr., Joseph F. Berardino, James G. Ellis, Charles S. Exon, M. Steven Langman, Robert L. Mettler, Paul C. Speaker, and Andrew W. Sweet (collectively, the "Individual Defendants") hereby apply to this Court on an *ex parte* basis pursuant to Local Rule 7-19 for an Order to Shorten Time for Briefing and Hearing on Defendants' Motion to Stay ("Motion") in the above-captioned matter. The Individual Defendants request the following schedule:

| | |
|---|---|
| Individual Defendants Motion | February 19, 2013 |
| Plaintiff's Opposition | February 26, 2013 |
| Individual Defendants' Reply | February 28, 2013 |
| Hearing | After March 7, 2013 |

As is explained more fully in the accompanying Memorandum of Points and Authorities, good cause exists for the Individual Defendants' request because the Individual Defendants seek to stay this action in favor of the parallel state court proceeding, *Astor Bk Realty Trust v. McKnight et al.*, Case No. 30-2012-00603315-CU-MC-CJC, pending in Orange County Superior Court. In the *Astor* case, the parties are litigating the same issues as in this action, and an expedited schedule for the Individual Defendants' motion to stay will avoid wasting judicial resources and costly litigation on claims that are already being litigated in the Orange County Superior Court.

In addition, a regularly-noticed motion to stay will not be heard before Quiksilver, Inc.'s 2013 shareholder meeting on March 19, 2013, at which the shareholders will vote on various measures that will moot most, if not all, of Plaintiff's Corrected Verified Amended Shareholder Derivative Complaint ("CAC"). Unless the Court hears the Individual Defendants' motion to stay before the shareholder vote, the parties will expend unnecessary resources, including

judicial resources, litigating a matter only to have it rendered non-justiciable within a month's time.

Counsel for Plaintiff was advised of the date and substance of this Application on February 19, 2013 by telephone (voice-mail message) at approximately 7:45 a.m. and by email at approximately 7:57 am PST.  (*See* Declaration of Brian Neach ISO *Ex Parte* Application ("Neach Decl") ¶ 4, Ex. 3.) Counsel for Plaintiff has not yet responded.  (*Id.*)

This Application is based upon the *Ex Parte* Application, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Neach and the exhibits attached thereto, the argument of counsel should the Court elect to hold a hearing in this matter, all the pleadings and other papers on file in this action, and such other matters as may be presented at a hearing on this Application prior to the Court's decision.

Dated: February 19, 2013

MICHAEL G. YODER
BRIAN NEACH
O'MELVENY & MYERS LLP

By:     /s/ Brian Neach
         Brian Neach
Attorneys for Defendants
ROBERT B. MCKNIGHT, JR., WILLIAM M. BARNUM, JR., JOSEPH BERARDINO, JAMES G. ELLIS, CHARLES S. EXON, M. STEVEN LANGMAN, ROBERT L. METTLER, PAUL C. SPEAKER, and ANDREW W. SWEET

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The Individual Defendants'[1] Motion to Stay ("Stay Motion") is filed concurrently with the present *Ex Parte* Application to Shorten Time for Briefing and Hearing on Defendants' Motion to Stay ("Application"), and pursuant to Local Rule 6-1, the Motion is scheduled to be heard by this Court on March 25, 2013 at 10:00 a.m.  The Individual Defendants seek to have the Stay Motion heard on an expedited basis with the following briefing and hearing schedule:

| | |
|---|---|
| Individual Defendants Stay Motion | February 19, 2013 |
| Plaintiff's Opposition | February 25, 2013 |
| Individual Defendants' Reply | February 27, 2013 |
| Hearing | After March 7, 2013 |

Hearing the Motion on an expedited basis is essential for two reasons:

***First***, because plaintiff in an action filed in the Superior Court of California, Orange County ("Superior Court") is pursuing identical claims and relief, and has also agreed to a briefing schedule on a motion for preliminary injunction, expedited resolution of the Stay Motion will relieve the Individual Defendants from defending identical claims in two different courts and will also avoid wasting judicial resources.

***Second***¸ an expedited briefing schedule will allow the Court to decide to stay this action before it is rendered entirely moot by the March 19, 2013 vote of Quiksilver, Inc.'s ("Quiksilver's") shareholders.  Two measures up for shareholder vote—the election of the Board of Directors, and the adoption of the 2013 Performance Incentive Plan (the "2013 Plan")—may render the present action

---

[1] "Individual Defendants" refers to defendants Robert B. McKnight, Jr., William M. Barnum, Jr., Joseph Berardino, James G. Ellis, Charles S. Exon, M. Steven Langman, Robert L. Mettler, Paul C. Speaker, and Andrew W. Sweet.

entirely moot. Judicial resources will be conserved if the Court delays adjudicating the present case to later assess what, if any, claims remain after the vote.

Therefore an expedited briefing and hearing schedule for the Stay Motion is warranted.

## II. BACKGROUND

As discussed more fully in the Stay Motion, on February 11, 2013, Quiksilver filed its 2013 Proxy with the Securities and Exchange Commission ("SEC"), setting its annual meeting for March 19, 2013. Two of the three items up for shareholder vote are election of all members of the Board of Directors and the adoption of the 2013 Plan. The 2013 Plan, if adopted, will supersede the current operative incentive plan—the 2000 Performance Incentive Plan (the "2000 Plan").

On Wednesday, February 13, 2013, counsel for the Individual Defendants contacted counsel for Plaintiff, proposing that the parties agree to staying the present action pending the outcome of the March 19, 2013 shareholder vote, since the outcome of the vote would moot all Counts in the CAC. (*See* Neach Decl. ¶ 2, Ex. 1.) Counsel for Plaintiff responded that Plaintiff would not agree to stay the case, and moreover would move for a preliminary injunction and expedited discovery in this matter. (*Id.*) Counsel for the Individual Defendants informed counsel for Plaintiff that the Individual Defendants would therefore move forward with the Stay Motion. (*Id.*)

The Individual Defendants have filed the Stay Motion in conjunction with this Application to stay proceedings in this matter until resolution of the parallel state proceeding, *Astor Bk Realty Trust v. McKnight et al.*, Case No. 30-2012-00603315-CU-MC-CJC, pending in Orange County Superior Court, or in the alternative until after the shareholder vote occurs on March 19, 2013. This Application seeks an expedited hearing and briefing schedule so that the Stay

- 5 -

1  Motion may be heard as soon as possible to avoid costly, duplicative and
2  unnecessary litigation.
3     On February 19, 2013, between 7:45 and 7:57 a.m. PST, counsel for the
4  Individual Defendants contacted the following counsel for Plaintiff by leaving a
5  voice-mail message and by sending an email to inform her of the date and
6  substance of this Application:

> Robin Winchester, Esq.
> Kessler Topaz Meltzer Check
> 280 King of Prussia Road
> Radnor, PA  19087
> (610) 822.0244
> rwinchester@ktmc.com

Counsel for Plaintiff has not responded to the communications from counsel for the Individual Defendants.  (Neach Decl. ¶ 4, Ex. 3.)

### III.   ARGUMENT

The present circumstances warrant *ex parte* relief.  As the Individual Defendants establish below, the two requirements for *ex parte* relief are met:  that is, that the Individual Defendants' cause will be irreparably prejudiced if the underlying motion is heard according to regular motion procedures, and that the Individual Defendants are without fault for creating the need for expedited relief.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 493 (C.D. Cal. 1995).

### A.   Hearing the Motion to Stay on an Expedited Basis Will Avoid Duplicative and Needless Litigation

Defendants seek expedited hearing and briefing on the Stay Motion to prevent the Court from having to consider issues which are already being litigated in another forum, and which will surely be moot after the March 19, 2013 shareholder vote.

As Defendants explain in the Stay Motion, the present action is one of four lawsuits filed against Quiksilver concerning the same underlying facts. The other pending cases are: *Astor BK Realty Trust v. McKnight*, Case No. 30-2012-00603315-CU-MC-CJC, in Orange County Superior Court, *Alaska Electrical Pension Fund v. McKnight, et al.*, Case No. 8:12-cv-02071-AG-JPR, pending before this Court, and *The Vladimir Gusinsky LivingTrust v. McKnight, et al.*, Case No. 8190, pending in the Delaware Court of Chancery. Defendants seek to stay the present action pending the conclusion of the concurrent California state court action, *Astor*. The *Astor* initial complaint was filed on October 4, 2012, nearly one month before Plaintiff in this action filed her initial complaint on October 29, 2012. (Neach Decl. ¶ 3.) In addition the complaint in *Astor* contains allegations that are nearly identical to those alleged in Plaintiff's currently operative complaint, and moreover, the plaintiff in the *Astor* action plans to seek injunctive relief with respect to the 2013 Proxy on the basis of alleged misleading disclosures, just as Plaintiff does here. (*Id.* at ¶ 3, Ex. 2) Since there is no reason for the Individual Defendants to oppose two separate preliminary injunction motions in two separate courts where identical relief is sought in both, the Court should expedite briefing and hearing on the Stay Motion to enable it to decide on whether it should stay this proceeding. *See Giles v. ICG, Inc.*, 789 F. Supp. 2d 706, 715–16 (S.D.W. Va. 2011) (holding motion for preliminary injunction in abeyance while identical claims were litigated in Delaware Court of Chancery, despite the existence of exclusive federal causes of action); *see also McCreary v. Celera Corp.*, No. 11–1618 SC, 2011 WL 1399263, at *4, 2011 U.S. Dist. LEXIS 41639, at * 13–14 (N.D. Cal. Apr. 13, 2011) (staying federal disclosure claims brought under § 14 of the Exchange Act in favor of parallel Delaware proceedings).

An expedited hearing on the Stay Motion is additionally appropriate to avoid litigation of issues that will be rendered moot by the upcoming shareholder vote.

DEFENDANTS' *EX PARTE* APPLICATION TO SHORTEN TIME FOR BRIEFING AND HEARING; SACV12-1882 AG (JPRx)

1  For example, Plaintiff seeks an order invalidating the shareholder vote on the
2  election of defendants Barnum, Berardino, McKnight and Mettler (CAC ¶ 99), but
3  such an order would have no practical effect since the new Board of Directors will
4  be elected on March 19, 2013.  *See, e.g., In re Tyson Foods S'holder Litig.*, 919
5  A.2d 563, n.113 (Del. Ch. 2007) (noting that an order overturning the results of a
6  past director election "would thus have no real effect, as it is beyond the Court's
7  power to insist that new directors travel backwards in time a number of years to
8  take up their posts").  In addition, if the 2013 Plan is adopted, the 2000 Plan and the
9  February 2012 Amendment, which Plaintiff challenges, will be superseded.  (*See*
10  CAC ¶¶ 77–81, 99.)  If the shareholders adopt the 2013 Plan, Plaintiff's allegations
11  regarding the February 2012 Amendment become moot.

### B. Defendants Are Without Fault in Creating the Need for Expedited Relief.

The need for expedited relief is created by multiple lawsuits filed by different plaintiffs in different forums and was recently triggered by the filing of the 2013 Proxy.  Within 48 hours after the 2013 Proxy was filed, counsel for the Individual Defendants contacted counsel for Plaintiff to reach an agreement to stay the present matter. (Neach Decl. ¶ 2, Ex. 1)  When Plaintiff indicated she would not agree to a stay, the Individual Defendants prepared the present Motion. (*Id.*)  The Individual Defendants have not delayed in bringing the present motion before the Court.

### IV. CONCLUSION

For the foregoing reasons, the Court should grant the Individual Defendants' *Ex Parte* Application, and set the following briefing schedule on the Stay Motion:

| | |
|---|---|
| Individual Defendants Motion | February 19, 2013 |
| Plaintiff's Opposition | February 25, 2013 |
| Individual Defendants' Reply | February 27, 2013 |
| Hearing | After March 7, 2013 |

Dated: February 19, 2013

MICHAEL G. YODER
BRIAN NEACH
O'MELVENY & MYERS LLP


By: /s/ Brian Neach
     Brian Neach
Attorneys for Defendants
ROBERT B. MCKNIGHT, JR.,
WILLIAM M. BARNUM, JR., JOSEPH
BERARDINO, JAMES G. ELLIS,
CHARLES S. EXON, M. STEVEN
LANGMAN, ROBERT L. METTLER,
PAUL C. SPEAKER, and ANDREW
W. SWEET

- 9 -

DEFENDANTS' *EX PARTE* APPLICATION
TO SHORTEN TIME FOR BRIEFING AND
HEARING; SACV12-1882 AG (JPRx)