FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA STOCKMAN-SANN, Derivatively on Behalf of Quiksilver, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ROBERT B. MCKNIGHT, Jr.; et al., <br><br> Defendants - Appellees. | No. 13-55892 <br><br> D.C. No. 8:12-cv-01882-AG-JPR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 6, 2015
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Patricia Stockman-Sann appeals the district court's order dismissing her shareholder derivative suit against Quiksilver, Inc., and the individual members of Quiksilver's Board of Directors. Stockman-Sann contends the district court erred by finding her failure to make a pre-suit demand on the Board, as required by Rule

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

23.1(b) of the Federal Rules of Civil Procedure, was not excused on the basis of demand futility. The district court found demand was not excused for Stockman-Sann's challenge to the Quiksilver Compensation Committee's 2011 grant to Robert B. McKnight, Jr., of 1.2 million Reserve Stock Units ("RSUs") allegedly in violation of Quiksilver's incentive compensation plan ("2000 Plan"). The district court found demand was not excused for Stockman-Sann's claims that the Board impermissibly amended the 2000 Plan ("2012 Amendment") without ratification by the Quiksilver stockholders and distributed a proxy containing false or misleading information ("2012 Proxy"). We dismiss this appeal for lack of jurisdiction.

Federal courts lack jurisdiction "[i]f an event occurs during the pendency of the appeal that renders the case moot." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 963 (9th Cir. 2007). "A case becomes moot when there no longer exists 'a present controversy as to which effective relief can be granted.'" *United States v. Able Time, Inc.*, 545 F.3d 824, 828 (9th Cir. 2008) (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993)).

Stockman-Sann's claims arising from the RSU award to McKnight are moot because McKnight returned all 1.2 million challenged RSU awards in 2012. Stockman-Sann conceded such claims were moot before the district court. The

Compensation Committee then granted McKnight a new award of 1.2 million RSUs, which Stockman-Sann alleges exceeded the limit under the 2000 Plan by 400,000 units. McKnight filed a Form 4 with the Securities and Exchange Commission on January 22, 2013, in which he stated he had returned 400,000 RSUs. Stockman-Sann does not dispute that McKnight returned the 400,000 units. Because it is not disputed that McKnight returned all of the RSUs awarded allegedly in violation of the 2000 Plan, no further relief can be fashioned.

Stockman-Sann's claims arising from the 2012 Amendment are moot. Stockman-Sann argues the Board of Directors impermissibly adopted the 2012 Amendment without stockholder approval. The 2012 Amendment allowed the Board to make unlimited RSU awards provided the awards were not classified as tax exempt under 26 U.S.C. § 162(m). Stockman-Sann maintains the new incentive compensation plan adopted in 2013 ("2013 Plan") left the allegedly impermissible 2012 Amendment in place. However, the Quiksilver stockholders approved the 2013 Plan. Even if the Board's adoption of the 2012 Amendment were *ultra vires*, any awards made under the 2013 Plan have been made with stockholder approval. This issue is therefore moot.

Stockman-Sann's claims arising from the 2012 Proxy are moot. Stockman-Sann argues the 2012 Proxy contained false and misleading information. The

purpose of the Proxy was to solicit authority to vote on Quiksilver stockholders' behalf at the 2012 Stockholders' Meeting, at which the only question to be voted on was the reelection of the Quiksilver Board. Since the 2012 board election, Quiksilver has held Board elections annually. Stockman-Sann's challenge to the validity of the 2012 election based on an allegedly false proxy statement is moot. *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1389-90 (9th Cir. 1985) (subsequent board elections render a challenge to the validity of an earlier election moot "because even a favorable decision by the district court would not have entitled the appellees to relief").

In her briefs to this court and at oral argument, Stockman-Sann argued the district court could fashion a wide variety of relief. However, Stockman-Sann failed to identify any specific harm such relief could remedy.

DISMISSED AS MOOT.